CITY OF HELENA, respondent, *v.* GRAY, appellant.

MUNICIPAL INCORPORATIONS. — *City ordinances must be specific and definite, and cannot be construed as forbidding an act by implication.* — A city ordinance provided that cabs should stand on certain parts of certain streets. The defendant stood his cab on one of said streets, but not on the portion thereof designated in the ordinance.  *Held,* that there was nothing in the ordinance directly forbidding the act of the defendant, and that therefore he was not guilty of any violation of the same.

*Appeal from District Court, Lewis and Clarke County.*

CHUMASERO & McCUTCHEON, for the appellant.

This is an action brought by the city of Helena for an alleged violation of section 2 of a pretended ordi-

nance. There is nothing commanded or forbidden in this section, and it is the only section referred to in the complaint. The ordinance, taken as a whole, is unreasonable. Section 1 implicitly commands that cabs shall stand in certain places. There is no provision whereby they may pursue their legitimate business. It is discriminating, in that it does not apply to hacks, omnibuses, and other vehicles. So far as the evidence shows, the cab may have been standing on Main Street in the legitimate pursuit of its business. The court cannot say that the ordinance is valid upon its face, and then say that it is only intended to prevent obstruction of the streets, for the reason that nothing which appears upon the face of the ordinance itself will permit such a conclusion. The complaint is made pursuant to the provisions of section 18 of the charter of Helena, and prays for a warrant. The defendant was entitled to be apprised of the charge against him. The sworn complaint informs him that he has violated section 2 of ordinance 92. He examines the section referred to, and finds there is nothing prohibited or commanded by it. He is charged with obstructing a street. Neither the section nor the ordinance of which it forms a part refers to any such subject, and there is no proof that he did obstruct a street.

A. C. BOTKIN, City Attorney, for the respondent.

The authority of the city to pass the ordinance is ample. Sec. 44, art. 5, Charter, p. 18; Compilation of 1887, sec. 9, art. 5, p. 11; sec. 33, art. 5, p. 15. The ordinance is reasonable and impartial. "Cabs" is a generic word, having a significance clearly established by common usage. The regulation applies to all such vehicles. Dillon on Municipal Corporations, sec. 261. The ordinance is inartificially drawn as to the paragraph in question; but municipal by-laws are not held to that

precision of form that is exacted of more pretentious statutes. Bishop on Statutory Crimes, secs. 70, 72, 200, 201. The complaint is sufficient. It mentions the penal section of the ordinance, but proceeds to charge specifically a violation of the previous section, which is mandatory.

BACH, J. The defendant appeals from a judgment of the court below adjudging him guilty of a misdemeanor for the violation of an ordinance of the city of Helena, which reads as follows: "The cabs shall stand on Broadway, between Jackson and Warren streets, except in front of the post-office; on the east side of Jackson Street between Broadway and Breckenridge streets; and on the south side of Sixth Avenue between Jackson and Clore streets; and on Bridge Street, from Clore to Main streets; and on the north side of Bridge Street, from Main Street to opposite Water Street. Sec. 2. Any person violating this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be subject to a fine not exceeding twenty-five dollars." It is admitted that the defendant did keep a cab standing on Main Street, in the city of Helena, for the space of two hours.

The only question which we will consider is, whether the ordinance makes the act of the defendant a misdemeanor. A crime or misdemeanor is an act committed or omitted in violation of a public law forbidding or commanding it. Such is the definition given by Blackstone in book 4 of his Commentaries, and it has been universally accepted by the courts and text-writers. There is nothing in the ordinance directly forbidding the admitted act of the defendant; and if the ordinance is, by implication, to be considered as forbidding this particular act, it must be considered as forbidding any act which violates the terms of the ordinance; hence all such acts would, by implication, become a misdemeanor.

The ordinance thus considered would be so unreasonable that courts of law would not uphold it. See Field on Corporations, sec. 296, and cases cited; Bishop's Written Law, sec. 22. Considered as a command, the ordinance is equally uncertain and indefinite. The city undoubtedly has the right to regulate the use of public streets by ordinances reasonable in their nature. But the ordinance must be specific and definite, using such words as will state, without resort to implication, what constitutes a violation thereof. The judgment is reversed.

*Judgment reversed.*

GALBRAITH, J., and McLEARY, J., concur.